UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE, | No. 2:15-cv-1836 KJN P |
| Petitioner, | |
| v. | ORDER |
| JOHN N. KATAVICH, Warden,[1] | |
| Respondent. | |

Petitioner, a state prisoner, filed a document seeking an extension of time in which to file his petition for writ of habeas corpus. Petitioner states that he has a deadline of September 10, 2015, in which to file the petition, but needs an extension of time because he is "nowhere close to being ready." (ECF No. 1.) No other pleadings have been filed by the petitioner.

Petitioner's initial filing does not constitute a federal petition. A petition for a writ of habeas corpus must: "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2.

---

[1] The warden of Wasco State Prison is the appropriate respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).  The court will not issue any orders granting or denying relief until an action has been properly commenced.  Therefore, petitioner's motion is denied without prejudice.  Petitioner is provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.  Petitioner's failure to file such documents will result in a recommendation that this matter be dismissed.

Moreover, petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for extension of time (ECF No. 1) is denied without prejudice;

2. Within thirty days from the date of service of this order, petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition.  Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00.  Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated:  September 2, 2015

stee1836.nop

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2