UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE, | No. 2:15-cv-1836 TLN KJN P |
| Petitioner, | |
| v. | ORDER |
| JOHN N. KATAVICH, Warden, | |
| Respondent. | |

Petitioner, a state prisoner without counsel, is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action as barred by the statute of limitations and on the grounds that petitioner failed to exhaust his state court remedies as to claims one through six, nine, ten and twelve. After receiving an extension of time, petitioner filed a motion to stay this action so that he can return to state court and exhaust all remedies. However, petitioner did not address the limitations bar, and did not provide facts or argument in support of his motion for stay.

Here, petitioner appears to concede that he failed to exhaust his state court remedies, but he did not address the statute of limitations issue. Specifically, respondent argues that allowing petitioner to exhaust any unexhausted claim would be futile because the statute of limitations has run with regard to such unexhausted claims, citing see Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (because petitioner filed his state habeas petition after the AEDPA statute of

1

limitations ended, the delay "resulted in an absolute time bar to refilling after his state claims were exhausted").  (ECF No. 11 at 4.)

The standards governing the statute of limitations are as follows.  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).

Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" Holland, 560 U.S. at 652. Whether a party is entitled to equitable tolling "turns on

the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).  See also Holland, 560 U.S. at 654 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail"); Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011) ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'") (citing Holland, 560 U.S. at 650).

If petitioner's claims are untimely and barred by the statute of limitations, a motion for stay would be futile.  Thus, the undersigned finds that petitioner's motion for stay is premature.  Petitioner's motion for stay is denied without prejudice to its renewal should respondent's motion to dismiss be denied.  However, petitioner is not required to await resolution of the pending motion to dismiss before returning to state court to properly exhaust his state court remedies.  In the event that petitioner exhausts any claims in the California Supreme Court prior to resolution of the pending motion, petitioner is advised to file a notice of exhaustion in this court.

Petitioner is granted a second extension of time in which to file an opposition to respondent's motion to dismiss.  Petitioner is cautioned that failure to oppose the motion will result in a recommendation that the motion be granted.  No further extensions of time will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay is denied without prejudice; and

2. Petitioner shall file his opposition to respondent's motion to dismiss within thirty days.  No further extensions of time will be granted.

Dated: February 16, 2016

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stee1836.sty.d