UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE,<br><br>           Petitioner,<br><br>    v.<br><br>JOHN N. KATAVICH, Warden,<br><br>           Respondent. | No.  2:15-cv-1836 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

      Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations, and because it contains unexhausted claims. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

1

1 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its
2 authority under Rule 4.
3     On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was
4 enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

    Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On July 6, 2012, petitioner was convicted of human trafficking, pandering, pimping, criminal threats, oral copulation by force, kidnapping, abduction of a minor for prostitution, and assault by means of force likely to produce great bodily injury. (Respondent's Lodged Document ("LD") 1.) The jury found petitioner personally used a deadly weapon -- hot cooking grease or oil -- in the commission of the criminal threats count, and found true two strike allegations. (LD 2.)

2. Petitioner was sentenced to an indeterminate state prison term of 176 years to life. (LD 1-2.)

3. Petitioner filed an appeal. On March 7, 2014, the California Court of Appeal for the Third Appellate District affirmed the conviction. (LD 2.)

4. Petitioner filed a petition for review in the California Supreme Court, which was denied without comment on June 11, 2014. (LD 3-4.)

5. Petitioner filed no post-conviction collateral challenges in state court.

6. On September 22, 2015, petitioner constructively filed the instant federal petition. (ECF No. 4.) See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

7. Respondent filed the motion to dismiss on December 10, 2015. (ECF No. 11.) On March 17, 2016, petitioner filed an opposition. (ECF No. 17.) No reply was filed.

IV. Statutory Tolling

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id.

On June 11, 2014, the California Supreme Court summarily denied petitioner's petition for review on direct appeal. Petitioner then had ninety days, or until September 9, 2014, to file a petition for writ of certiorari with the U.S. Supreme Court. See Sup. Ct. R. 13. Because petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations began to run on September 10, 2014, and expired on September 10, 2015. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the date "when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires[.]"). In other words, petitioner was required to file his petition for federal habeas relief by September 10, 2015.

Petitioner filed no post-conviction challenges in state court, so he is not entitled to additional tolling of the limitations period.

Because the limitations period expired on September 10, 2015, and petitioner constructively filed the instant petition twelve days later, on September 22, 2015, the instant petition is time-barred unless he can demonstrate he is entitled to equitable tolling.

V. Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

4

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

In his opposition, petitioner states that on August 31, 2015, he wrote to this court[1] asking for an extension of time to file the instant petition because he was "nowhere close to being ready." (ECF No. 17 at 1.) In his letter, petitioner claimed that he had "been in transition for approx. 3 months and just received [his] personal property a week ago." (ECF No. 17 at 4.) Petitioner acknowledged his September 10, 2015 filing deadline. (Id.) Respondent did not file a reply or address the issue of equitable tolling in the motion to dismiss.

Denial of access to legal documents may, in some cases, constitute an extraordinary circumstance beyond a petitioner's control for purposes of justifying the application of equitable tolling to the AEDPA statute of limitations. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010); see also Espinoza-Matthews, 432 F.3d at 1027-28. However, in order to demonstrate that the denial of legal documents constituted an extraordinary circumstance justifying equitable tolling, petitioner must demonstrate a causal link between the delay in filing and the extraordinary

////

---

[1] On September 3, 2015, the undersigned informed petitioner that his August 31, 2015 filing did not constitute a federal petition under Rule 2 of the Rules Governing Section 2254 Cases, and warned him about the one year statute of limitations. (ECF No. 3.) In addition, petitioner was provided the court's form for filing a petition for writ of habeas corpus. (Id.)

1  circumstance.  See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) ("The
2  prisoner must show that the extraordinary circumstances were the cause of his untimeliness.").

3  Courts have routinely recognized that restricted access to legal property does not generally
4  constitute extraordinary circumstances warranting the grant of equitable tolling.  "In general, the
5  difficulties attendant on prison life, such as transfers between facilities, solitary confinement,
6  lockdowns, restricted access to the law library and an inability to secure court documents, do not
7  by themselves qualify as extraordinary circumstances."  Corrigan v. Barbery, 371 F.Supp.2d 325,
8  330 (W.D. N.Y. 2005); see also Ford v. Pliler, 590 F.3d 782, 790 (9th Cir. 2009) ("[Petitioner's]
9  alleged inability to access [his legal files] cannot be the 'cause of his untimeliness' since he did
10  not need the legal materials they contained to file a timely habeas petition.") (internal quotation
11  marks omitted.); Waldron-Ramsey, 556 F.3d at 1014 (finding that even if petitioner had difficulty
12  developing habeas claims without records, he could have filed a "basic form habeas petition" to
13  satisfy AEDPA deadlines and sought to amend when he received records).

14  Assuming that petitioner's "personal property" also contained his legal materials,
15  petitioner has not demonstrated that the delay in receiving his personal property was an actual
16  cause of his delayed filing.  Petitioner does not explain why he was unable to file his habeas
17  petition without his personal property, or explain why he was "nowhere close to being ready,"
18  despite his awareness of the September 10, 2015 filing deadline.  Thus, petitioner has failed to
19  establish that the alleged lack of access to his personal property was an extraordinary
20  circumstance that made it impossible for him to file a federal petition on time.

21  VI. Alternative Date of Filing Federal Petition

22  In an abundance of caution, the court reviews whether an alternative date for filing the
23  federal petition may be appropriate based on petitioner's initial filing.  However, there was no
24  timely petition pending on August 31, 2015, the date that this action was opened.  Petitioner had
25  only filed a request for extension of time in which to file the petition, which cannot be considered
26  a petition. Specifically, a petition for a writ of habeas corpus must:  "1) specify all the grounds
27  for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief
28  requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of

perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2.  Petitioner's request for extension of time did not meet the above requirements.  Petitioner could have remedied his situation by filing a "protective" petition, along with his motion for extension of time, but he did not do so. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (Prisoners may avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.).  As such, no petition was pending at the time the present action was opened on August 31, 2015.  Therefore, at that time it was not a "pending" case for habeas corpus relief and it did not toll the limitations period because his initial filing did not constitute a challenge to his conviction.  Cf. Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of determining whether AEDPA applies -- "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court."); see also Braggs v. Walker, 2011 WL 2709847, *2 (N.D. Cal. 2011) (although the filing of a letter and request for an extension of time commenced the federal action, the filing did not constitute a "pending" habeas petition, and thus the limitations period was not tolled); Miles v. Grounds, 2013 WL 2337912, **4-5 (E.D. Cal. May 28, 2013) (petitioner's correspondence with court and motions for extensions of time "cannot be considered petitions for writ of habeas corpus" for purposes of tolling limitations period); Alexander v. Uribe, 2012 WL 2872809, **2 (E.D. Cal. July 12, 2012) (petitioner's motion for extension of time commenced action, but it did not challenge the merits of his conviction, thus district court considered whether action is timely based on date petitioner filed his petition rather than the motion); Scott v. Swarthout, 2012 WL 2839804, *22 (E.D. Cal. July 10, 2012) ("motion to toll time" did not toll limitations period).  Accordingly, the court considers whether this action is timely based on the date petitioner signed his petition on September 22, 2015, rather than on the date he signed his request for extension of time.

////

////

7

As set forth above, petitioner had until September 10, 2015, to file a timely petition. Petitioner filed the instant petition on September 22, 2015, twelve days after expiration of the limitations period. Because the petition was untimely filed, respondent's motion to dismiss should be granted, and this action be dismissed. This is a harsh result, but one that is required under AEDPA.

VII. Alternative Argument

Respondent also contends that the instant petition contains unexhausted claims. Because the instant action is time-barred, the court need not address respondent's alternative argument.

VIII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 22) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stee1836.mtd.hc.sol