UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE, | No. 2:15-cv-1836 TLN KJN P |
| Petitioner, | |
| v. | ORDER |
| JOHN N. KATAVICH, Warden, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 conviction on multiple charges. Petitioner's prior motion to stay this action was denied without prejudice to its renewal should respondent's motion to dismiss be denied. By order filed May 16, 2016, the district court denied respondent's motion to dismiss on statute of limitations grounds. (ECF No. 19.) Respondent's motion to dismiss the petition for failure to exhaust state court remedies remains pending.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---
[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Here, petitioner raises twelve claims in his petition. (ECF No. 4.) Respondent moves to dismiss petitioner's claims one through six, nine, ten and twelve, alleging that petitioner failed to exhaust his state court remedies as to each of those claims. In his prior motion to stay, petitioner conceded his failure to exhaust, but did not specifically addressing each claim.

After reviewing the record in this action, it appears that because petitioner filed no post-conviction collateral challenges in state court, he has only exhausted the claims raised in his petition for review filed in the California Supreme Court: (1) "Petition for review should be granted to determine the meaning and scope of Penal Code section 267;" (2) "Petition for review

should be granted in order to clarify the scope of CALCRIM No. 1190, the non-corrobration [sic] instruction;" (3) "Petition for review should be granted to determine the due process implication of improper invocations of procedural default;" (4) "Petition for review should be granted to determine the scope of Penal Code section 654 on the facts of this case;" and (5) "Petition for review should be granted to determine the proper manner of having 'blind' issues reviewed on appeal." (Respondent's Lodged Document ("LD") 3.)  Respondent argues that only three of the twelve claims raised in the instant petition are encompassed in claims one, two, four, and five of the petition for review:  claim seven (654 violation); claim eight (jury instructions), and claim eleven (not being able to impeach witnesses' credibility).  Thus, respondent contends that petitioner's federal claims one, two, three, four, five, six, nine, ten, and twelve are not exhausted. As set forth above, this court may not address the merits of a petition for writ of habeas corpus unless petitioner has exhausted state court remedies with respect to each of his federal claims. Rose, 455 U.S. at 509; 28 U.S.C. § 2254(b)(1).  However, a habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court.

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met:  (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id., 544 U.S. at 278.  The Supreme Court has made clear that this option "should be available only in limited circumstances."  Id. at 277.  Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay

3

1    and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.  The
2    Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an
3    "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).
4    Several district courts have concluded that the standard is more generous than the showing
5    needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d
6    844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds
7    support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable
8    confusion" about the timeliness of his federal petition would generally constitute good cause for
9    his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544
10   U.S. 408, 416-17 (2005).  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the
11   Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the
12   impression" that his counsel had raised all claims before the state court of appeal.  Wooten, 540
13   F.3d at 1024.  The Ninth Circuit explained that finding good cause in that argument "would
14   render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that
15   district courts should only stay mixed petitions in 'limited circumstances.'"  Wooten, 540 F.3d at
16   1024.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable
17   component of the Rhines test," and that although "a bald assertion cannot amount to a showing of
18   good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,
19   will."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).
20       Second, the court may also stay a petition setting forth only exhausted claims, to permit
21   exhaustion of additional claims with the intention that they will be added by amendment
22   following exhaustion.  King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at
23   1063).  If the petition currently on file was fully exhausted, petitioner could seek a stay-and-
24   abeyance order to exhaust claims not raised in that federal petition under Kelly.  However, the
25   Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to
26   amend his unexhausted claims back into his federal petition once he has exhausted them only if
27   those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be
28   problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.  If a

petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.

Unless petitioner seeks to stay this action, the court must dismiss unexhausted claims and proceed solely as to exhausted claims. If petitioner seeks to choose the Rhines approach, he must file a motion for stay and address the three Rhines conditions set forth above. If petitioner seeks to stay this action under Kelly, petitioner must submit an amended petition along with his renewed motion for stay, taking care to raise only exhausted claims.[2]

Finally, respondent contends that allowing petitioner an opportunity to exhaust any unexhausted claim is futile because the statute of limitations has run. (ECF No. 11 at 4, citing see Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).) Thus, petitioner must address this argument in his opposition to the motion to dismiss.

Petitioner is cautioned that if he fails to respond to this order, the court will grant respondent's motion to dismiss, dismiss petitioner's unexhausted claims without prejudice, and this action will proceed solely on exhausted claims.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, petitioner shall file an opposition to respondent's motion to dismiss petitioner's unexhausted claims, and a motion for stay. If petitioner seeks to stay this action under Rhines, he must address the three Rhines conditions set forth above. If petitioner seeks to stay this action under Kelly, petitioner must also submit an

---

[2] The Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims. King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005).

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
  Petitioner is further advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

amended petition, raising only exhausted claims.  Failure to file a motion for stay in compliance with this order will result in an order dismissing petitioner's unexhausted claims, and this action will proceed solely on petitioner's exhausted claims.

    2. Petitioner's motion for stay, if any, shall be briefed pursuant to Local Rule 230(l).

Dated:  May 18, 2016

/cw/stee1836.sty.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6