UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE, | No. 2:15-cv-1836 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN N. KATAVICH, Warden, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2012 conviction on human trafficking, pandering, pimping, criminal threats, oral copulation by force, kidnapping, abduction of a minor for prostitution, and assault by means of force likely to produce great bodily injury.  Respondent moved to dismiss the petition for failure to exhaust state remedies.  Despite being granted multiple extensions of time, petitioner did not file an opposition or renew his motion for stay.  As set forth below, respondent's motion to dismiss should be granted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.  Id. at 522.

Petitioner raises twelve claims in his petition:  (1) illegally sentenced (three strikes does not apply); (2) ineffective assistance of counsel; (3) coerced statement by officers; (4) evidence tampering; (5) prosecutorial misconduct; (6) insufficient evidence; (7) violation of California Penal Code § 654; (8) "giving jury instructions that should not have been applied;" (9) "Violation of multiple constitutional rights;" (10) "Violation of hearsay rule;" (11) "Not being able to impeach witnesses' credibility;" and (12) "Miranda violation."  (ECF No. 4 at 4, 5, 7-8.)

////

Petitioner filed no collateral challenges in state court.  In his petition for review in the California Supreme Court, petitioner raised five claims:  (1) "Petition for review should be granted to determine the meaning and scope of Penal Code section 267;" (2) "Petition for review should be granted in order to clarify the scope of CALCRIM No. 1190, the non-corrobration [sic] instruction;" (3) "Petition for review should be granted to determine the due process implication of improper invocations of procedural default;" (4) "Petition for review should be granted to determine the scope of Penal Code section 654 on the facts of this case;" and (5) "Petition for review should be granted to determine the proper manner of having 'blind' issues reviewed on appeal."  (Respondent's Lodged Doc. 3.)

Liberally construing the instant petition, it appears that three claims were exhausted because they were encompassed in claims one, two, four, and five of the petition for review: claim (7) 654 violation; claim (8) jury instructions; and claim (11) not being able to impeach witnesses' credibility.  Petitioner's other nine claims in the instant petition are unexhausted because such claims were not presented to the California Supreme Court.

In response to the request for petitioner's reasons why he had not presented any claims to any other court, petitioner responded that his "appeal lawyer said he could only bring up these issues after direct appeal only." (ECF No. 4 at 5.)  In his earlier motion for stay, petitioner did not provide facts or argument in support of his motion for stay, and appeared to concede that he failed to exhaust his state court remedies.[2]  (ECF No. 15.)  Petitioner was granted multiple opportunities to oppose respondent's motion on exhaustion grounds.  (ECF No. 20, 22, 24, 26.)  On October 24, 2016, petitioner sought an additional seven days in which to file an opposition and a motion for stay.  (ECF No. 27.)  On November 16, 2016, petitioner's request was granted, and he was warned that failure to comply with the court's order would result in an order granting

---

[2] Moreover, petitioner did not address the statute of limitations.  Respondent argued that allowing petitioner to exhaust any unexhausted claims would now be futile because the statute of limitations has run with regard to the unexhausted claims, citing Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2011) (because petitioner filed his state habeas petition after the AEDPA statute of limitations ended, the delay "resulted in an absolute time bar to refiling after his state claims were exhausted").  (ECF No. 11 at 4.)  Here, the federal limitations period expired on September 10, 2015.  (ECF No. 18 at 4.)

respondent's motion to dismiss, and that no additional extensions of time would be granted. More than seven days have now passed, and petitioner did not file an opposition or renew his motion for stay.

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims (1) through (6), (9), (10), and (12). Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Petitioner should be granted thirty days to file an amended petition raising only exhausted claims (7) 654 violation; (8) jury instructions; and (11) not being able to impeach witnesses' credibility.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted;

2. Petitioner's petition for a writ of habeas corpus (ECF No. 4) be dismissed; and

3. Within thirty days from any order adopting these findings and recommendations, petitioner be directed to file an amended petition raising only his exhausted claims (7), (8), and (11). Petitioner is cautioned that failure to file such amended petition will result in a recommendation that this action be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 6, 2016

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stee1936.103m