UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE,<br><br>             Petitioner,<br><br>     v.<br><br>JOHN N. KATAVICH, Warden,<br><br>             Respondent. | No. 2:15-cv-1836 TLN KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 7, 2016, the undersigned issued findings and recommendations recommending that respondent's motion to dismiss be granted, citing petitioner's failure to file a timely opposition or motion for stay, despite being granted multiple extensions of time to do so. However, on December 6, 2016, petitioner's motion to stay this action pending exhaustion was entered on the court's docket. Petitioner signed the motion to stay on November 29, 2016, and relies on Rhines v. Weber, 544 U.S. 269 (2005). Because the findings and recommendations crossed in the mail with petitioner's motion to stay, the findings and recommendations are vacated, and the court addresses all of the pending motions herein.

*Petitioner's Motion to Stay - Timeliness*

On November 16, 2016, petitioner's fourth request for extension of time was granted, and petitioner was granted seven days in which to file his motion for stay. Petitioner's motion was

1

due on November 23, 2016, but was not signed by petitioner until November 29, 2016, six days beyond the deadline.  Thus, petitioner's motion to stay is untimely.

*Petitioner's Motion to Stay*

Moreover, petitioner's motion to stay under Rhines is unavailing. As explained in this court's May 18, 2016 order:

> under Rhines, a district court may stay a mixed petition if the following conditions are met:  (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.

(ECF No. 20 at 3.)

"Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277.  The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit found that the petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal.  Wooten, 540 F.3d at 1024.  The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"  Wooten, 540 F.3d at

1    1024.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable

2    component of the Rhines test," and that although "a bald assertion cannot amount to a showing of

3    good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,

4    will."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

5         Here, petitioner initially recounts the Rhines standards, and refers to the "reasonable

6    confusion" cited in Pace.  (ECF No. 29 at 2-3.)  Petitioner focuses primarily on the merits of his

7    underlying claims.  In addressing his ineffective assistance of counsel claims, alleging that

8    counsel failed to investigate or call witnesses, particularly one witness allegedly present in the car

9    at the time of the kidnapping, petitioner alleges that "through correspondence" he was instructed

10   on how to file a writ of habeas corpus, but claims he was not "properly instructed on how to file

11   and in what court and by what time these should be in."  (ECF No. 29 at 9.)  Petitioner contends

12   this constitutes the "reasonable confusion" described in Pace.  (Id.)

13        However, petitioner submitted no evidence to support his claim.  He did not provide a

14   copy of the correspondence, or identify from whom the correspondence was received.  As the

15   Ninth Circuit made clear in Blake, a "bald assertion" does not amount to a showing of good

16   cause.  Blake, 745 F.3d at 982; see also Nogueda v. California, 2014 WL 5473548, at *2 (E.D.

17   Cal. Oct. 23, 2014) ("petitioner has failed to demonstrate that he qualifies for a stay because he

18   has failed to support his request as required in Blake (i.e., there is no documentation -- as opposed

19   to oral assertions -- showing that he discussed these claims with trial and/or appellate counsel and

20   was ignored)"); Lisea v. Sherman, 2014 WL 4418632, at *3 (E.D. Cal. Sept. 8, 2014) (denying a

21   motion for a stay and abeyance because the petitioner supplied no evidence in support of his

22   contention that appellate counsel was ineffective in failing to raise certain claims); Davis v. Biter,

23   2014 WL 2894975, at *8 (S.D. Cal. June 25, 2014) (denying a motion for a stay and abeyance

24   because the petitioner had not presented any evidence to support his good cause argument).[1]

---

[1] In Pace, the prisoner was busy exhausting his state court remedies while the federal statute of
25   limitations period expired.  Unlike the prisoner in Pace, petitioner has not filed his unexhausted
26   habeas claims in the Sacramento County Superior Court, or the Third District Court of Appeal.
27   Petitioner's superior court case records were accessed through the Sacramento County Superior
     Court's Public Case Access records, <https://services.saccourt.ca.gov/PublicCaseAccess>,
28   accessed on January 4, 2017.  Petitioner's filings in the California appellate courts were accessed

Furthermore, a petitioner's lack of legal training or knowledge -- a commonplace circumstance of many pro se petitioners -- does not alone constitute good cause for delay in exhausting claims in state court. See, e.g., Labon v. Martel, 2015 WL 1321533, at *7 (C.D. Cal. Mar. 17, 2015) ("The fact that petitioner was untrained in the law and lacked legal assistance does not constitute good cause for petitioner's delay in exhausting his state remedies"). Indeed, finding good cause under these circumstances would render stay-and-abeyance orders routine and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024 (quoting Rhines, 544 U.S. at 277).

In addition, petitioner failed to address whether he engaged in intentionally dilatory litigation tactics. However, the court notes that on January 28, 2016, petitioner claimed to need an additional sixty days in which to file his habeas petition in state court to exhaust all of his state court remedies. (ECF No. 15 at 2.) Yet, petitioner has not filed a habeas petition in state court as of January 4, 2017.

Accordingly, petitioner is not entitled to a stay under Rhines.

*Motion to Dismiss:  Failure to Exhaust*

Petitioner challenges his 2012 conviction on human trafficking, pandering, pimping, criminal threats, oral copulation by force, kidnapping, abduction of a minor for prostitution, and assault by means of force likely to produce great bodily injury. Respondent moved to dismiss the petition for failure to exhaust state remedies. Despite being granted multiple extensions of time, petitioner did not file an opposition. As set forth below, respondent's motion to dismiss should be granted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

---

through the California Courts Website, <http://appellatecases.courtinfo.ca.gov> (accessed January 4, 2017).

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id. at 522.

Petitioner raises twelve claims in his petition: (1) illegally sentenced (three strikes does not apply); (2) ineffective assistance of counsel; (3) coerced statement by officers; (4) evidence tampering; (5) prosecutorial misconduct; (6) insufficient evidence; (7) violation of California Penal Code § 654; (8) "giving jury instructions that should not have been applied;" (9) "Violation of multiple constitutional rights;" (10) "Violation of hearsay rule;" (11) "Not being able to impeach witnesses' credibility;" and (12) "Miranda violation." (ECF No. 4 at 4, 5, 7-8.)

////

Petitioner filed no collateral challenges in state court. In his petition for review in the California Supreme Court, petitioner raised five claims: (1) "Petition for review should be granted to determine the meaning and scope of Penal Code section 267;" (2) "Petition for review should be granted in order to clarify the scope of CALCRIM No. 1190, the non-corrobration [sic] instruction;" (3) "Petition for review should be granted to determine the due process implication of improper invocations of procedural default;" (4) "Petition for review should be granted to determine the scope of Penal Code section 654 on the facts of this case;" and (5) "Petition for review should be granted to determine the proper manner of having 'blind' issues reviewed on appeal." (Respondent's Lodged Doc. 3.)

Liberally construing the instant petition, it appears that three claims were exhausted because they were encompassed in claims one, two, four, and five of the petition for review: claim (7) 654 violation; claim (8) jury instructions; and claim (11) not being able to impeach witnesses' credibility. Petitioner's other nine claims in the instant petition are unexhausted because such claims were not presented to the California Supreme Court.

In response to the request for petitioner's reasons why he had not presented any claims to any other court, petitioner responded that his "appeal lawyer said he could only bring up these issues after direct appeal only." (ECF No. 4 at 5.) In his earlier motion for stay, petitioner did not provide facts or argument in support of his motion for stay, and appeared to concede that he failed to exhaust his state court remedies.[3] (ECF No. 15.) Petitioner was granted multiple opportunities to oppose respondent's motion on exhaustion grounds. (ECF No. 20, 22, 24, 26.) On October 24, 2016, petitioner sought an additional seven days in which to file an opposition and a motion for stay. (ECF No. 27.) On November 16, 2016, petitioner's request was granted, and he was warned that failure to comply with the court's order would result in an order granting

---

[3] Moreover, petitioner did not address the statute of limitations. Respondent argued that allowing petitioner to exhaust any unexhausted claims would now be futile because the statute of limitations has run with regard to the unexhausted claims, citing Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2011) (because petitioner filed his state habeas petition after the AEDPA statute of limitations ended, the delay "resulted in an absolute time bar to refiling after his state claims were exhausted"). (ECF No. 11 at 4.) Here, the federal limitations period expired on September 10, 2015. (ECF No. 18 at 4.)

6

1 respondent's motion to dismiss, and that no additional extensions of time would be granted.
2 Although petitioner filed an untimely motion for stay, he did not file an opposition to the motion
3 to dismiss, and again appears to concede his failure to exhaust all of this claims.  (ECF No. 29.)
4       After reviewing the record in this action, the court finds that petitioner has failed to
5 exhaust state court remedies as to claims (1) through (6), (9), (10), and (12).  Accordingly, the
6 petition is a mixed petition containing both exhausted and unexhausted claims and must be
7 dismissed.  Petitioner should be granted thirty days to file an amended petition raising only
8 exhausted claims (7) California Penal Code § 654 violation; (8) jury instructions; and (11) not
9 being able to impeach witnesses' credibility.

10 *Conclusion*

11       Accordingly, IT IS HEREBY ORDERED that the December 7, 2016 findings and
12 recommendations (ECF No. 30) are vacated; and
13       IT IS RECOMMENDED that:
14       1.  Petitioner's motion for stay (ECF No. 29) be denied; and
15       2.  Respondent's motion to dismiss (ECF No. 11) be granted;
16       3.  Petitioner's petition for a writ of habeas corpus (ECF No. 4) be dismissed; and
17       4.  Within thirty days from any order adopting these findings and recommendations,
18 petitioner be directed to file an amended petition raising only his exhausted claims (7), (8), and
19 (11).  Petitioner is cautioned that failure to file such amended petition will result in a
20 recommendation that this action be dismissed.  Rose v. Lundy, 455 U.S. 509 (1982).
21       These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
26 objections shall be filed and served within fourteen days after service of the objections.  The
27 ////
28 ////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 5, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

steel1836.stay