UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE, | No. 2:15-cv-01836-TLN-KJN |
| Petitioner, | |
| v. | ORDER |
| JOHN N. KATAVICH, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 5, 2017, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations, as well as various other documents.

Petitioner contends that he timely filed his motion for stay. (ECF No. 37.) However, Petitioner incorrectly relies on Rule 26(a)(2) of the Federal Rules of Appellate Procedure, (ECF No. 37 at 1-2), which governs filings in the United States Court of Appeals for the Ninth Circuit. Filings in this Court are governed by Rule 6 of the Federal Rules of Civil Procedure. In any event, the undersigned need not determine whether or not Petitioner's motion to stay this action

1

was timely brought because the magistrate judge also found that the motion should be denied on the merits. Petitioner argues that in his haste to file his motion, he left out "crucial evidence" on which Petitioner relies. (ECF No. 37 at 2.) Petitioner now provides a copy of his appellate counsel's August 21, 2013, and June 25, 2014, letters, and again argues that counsel "incorrectly" instructed Petitioner "on where to file [a] habeas petition." (ECF Nos. 37 at 4; 40 at 3.)

However, in the June 25, 2014 letter, appellate counsel informed Petitioner that if he chose to file a federal habeas petition, the deadline to do so was September 10, 2015, and that he must write to the District Court, 501 "I" Street, Ste. 4-200, Sacramento, CA 95814, to obtain "2254 petition" and "in forma pauperis" forms. (ECF No. 37 at 9-10.) Such information is accurate, and the deadline comports with the September 10, 2015, statute of limitations deadline properly calculated by the magistrate judge. (ECF No. at 6 n.3.) Moreover, counsel's letters confirm that Petitioner cannot demonstrate good cause under *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) or *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008). Such letters demonstrate that: (1) Petitioner received a copy of the opening brief filed by appellate counsel; (2) appellate counsel explained to Petitioner why counsel raised the issues he did, and did not raise others; (3) counsel informed Petitioner that the California Supreme Court denied review on June 11, 2014; (4) counsel properly informed Petitioner how to obtain a habeas form from this Court, including the Court's correct address; and (5) properly informed Petitioner that the deadline for filing the federal petition was September 10, 2015, which Petitioner reiterated in his initial filing in this Court. (ECF No. 37 at 5–10.) Thus, appellate counsel did not improperly advise Petitioner.

To the extent Petitioner contends that appellate counsel failed to inform Petitioner that he could avail himself of collateral challenges through petitions for writs of habeas corpus in state court, such allegation does not demonstrate good cause.

But even assuming Petitioner could demonstrate good cause, he fails to demonstrate diligence. As the magistrate judge noted, on January 28, 2016, Petitioner claimed he needed an additional sixty days in which to file his habeas petition in state court to exhaust all of his state court remedies. (ECF No. 15 at 2.) Petitioner had not filed a state court habeas petition as of January 4, 2017. (ECF No. 32 at 4.) On April 27, 2017, state court records reflect that Petitioner

did not file a state habeas corpus petition until April 2, 2017, when he filed three state habeas petitions in the Sacramento County Superior Court in Case No. 17HC00137. Thus, Petitioner waited over two years and nine months between June 11, 2014, when the California Supreme Court denied the petition for review, and the date he filed his first state court petition for writ of habeas corpus. Such delay demonstrates Petitioner's lack of diligence.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Finally, on April 20, 2017, Petitioner filed a motion styled "Notice of motion to set aside default and default judgment memorandum." (ECF No. 39.) No default or default judgment has been entered, but it appears that Petitioner attempts to explain his delay in filing objections. Because Petitioner's objections have been considered, petitioner's motion is unnecessary and is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 5, 2017, are ADOPTED in full;
2. Petitioner's motion for stay (ECF No. 29) is DENIED;
3. Respondent's motion to dismiss (ECF No. 11) is GRANTED;
4. Petitioner's petition for a writ of habeas corpus (ECF No. 4) is DISMISSED;
5. Within thirty days from the date this order is entered, Petitioner is directed to file an amended petition raising only his exhausted claims (7), (8), and (11). Petitioner is cautioned that failure to file such amended petition will result in a recommendation that this action be dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982);
6. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
7. Petitioner's April 20, 2017 motion (ECF No. 39) is DENIED.

Dated: October 4, 2017

Troy L. Nunley
United States District Judge

3